**RECORD NO. 22-2274**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

**DOROTHY BILLS,**
**Plaintiff-Appellant,**

**v.**

**WYNH EMP, LLC, an Ohio Corporation, and LANETTE KUHNASH,**
**Defendants-Appellees.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON DIVISION**

**REPLY BRIEF OF PLAINTIFF-APPELLANT - DOROTHY BILLS**

**Walt Auvil**
**THE EMPLOYMENT LAW CENTER PLLC**
**1208 Market Street**
**Parkersburg, WV 26101**
**(304) 485-3058 – PH**
**auvil@theemploymentlawcenter.com**

**Counsel for Appellant - Dorothy Bills**

# TABLE OF CONTENTS

**Introduction** .......................................................................................... **1**

**Appellee's policies do not override the protections of the WVHRA.** ........ **4**

**The Appellant physically removed the patient's hands from her body by smacking them, it was not a disciplinary action. Appellant's actions were protected activity, not abusive.** ........................................................ **5**

**Appellant did properly report the incident to Appellee.**............................ **7**

**CONCLUSION** ........................................................................................ **8**

# TABLE OF AUTHORITIES

## CASES

*Hanlon v. Chambers*, 195 W. Va. 99, 103, 464 S.E.2d 741, 745 (1995) ..... 4

*Hilton v. Shin*, Civil Action No. 11-cv-02241-AW, 2012 U.S. Dist. LEXIS 60204, (D. Md. Apr. 30, 2012) ............................... 4

*Kalany v. Campbell*, 220 W. Va. 50, 52, 640 S.E.2d 113, 115 (2006) ......... 7

## I. Introduction

In their reply brief, Appellees make a number of assertions that do not hold up to scrutiny. Appellees raise issues which are utterly irrelevant to the only question at hand, the sole issue upon which summary judgment was granted: whether the District Court was correct in finding that – as a matter of law - smacking a patient's hands away from grabbing Plaintiff's breast was not protected activity. In their reply brief, Appellees characterized Appellant's action in smacking the patient's hands away from her body as a disciplinary action, which is plainly inaccurate. Appellees also attacked the Appellant by suggesting that she was trying to conceal the incident from her superiors, which is at odds with every single piece of evidence in the record. Lastly, Appellees continue to characterize the Appellant's actions as abusive, when the state of West Virginia dismissed the matter after an investigation with no findings of abuse of any kind.

Appellees repeatedly cite a court filing they made along with their motion for summary judgment entitled "Appellees' Concise Statement of Facts" in support of all their contentions. This document is a legal filing made by Appellees' counsel; although it makes some references to other pieces of evidence in the actual record, the document itself is evidence of nothing. Furthermore, most of its contents are irrelevant to the issue before this Court, which is whether the Appellant's actions in smacking the patient's hands away to prevent him from sexually groping her can

constitute protected activity under the West Virginia Human Rights Act (WVHRA). Clearly a jury would be entitled to conclude that Plaintiff's action constituted protected activity and the District Court's contrary ruling is without any foundation in the jurisprudence developed under the WVHRA.

**A. Appellee's policies do not override the protections of the WVHRA.**

Throughout their brief, Appellees continually invoke the mantra that the Plaintiff violated one of their policies, arguing that this serves as an absolute protection against Plaintiff's WVHRA claim arising from her termination. The law does not support Defendants' position. Company policies do not supersede the West Virginia Human Rights Act. If the West Virginia Human Rights Act is violated because an employee is discharged for engaging in protected activity, no company policy protects the employer from potential liability under the WVHRA.

Employers may not discharge employees for engaging in activity protected by the WVHRA, which includes resisting sexual harassment. *Hanlon v. Chambers*, 195 W. Va. 99, 103, 464 S.E.2d 741, 745 (1995). Resisting sexual harassment means withstanding, contending against, or confronting it. *Hilton v. Shin*, Civil Action No. 11-cv-02241-AW, 2012 U.S. Dist. LEXIS 60204, at 1 (D. Md. Apr. 30, 2012). The Appellant's actions in removing the patient's hands from her body meet this definition, and therefore

are subject to protection by the WVHRA as protected activity for which she may not be terminated.

**B. The Appellant physically removed the patient's hands from her body by smacking them, it was not a disciplinary action. Appellant's actions were protected activity, not abusive disciplinary measures.**

The Appellant's initial brief sets forth the legal basis for this Court to properly recognize her resistance to the groping as protected activity under the WVHRA. The Appellee again mischaracterizes the Appellant's actions, claiming that the Appellant "abused" the patient whose attack she resisted. Appellant will not restate her previous argument in its entirety here. Rather, she notes again that the neutral investigating entity, the West Virginia Office of Health Facility Licensure and Certification, declared that the abuse investigation had concluded and that the allegation of abuse had been dropped with no finding of abuse. JA 267.

Appellee nevertheless continues to mischaracterize Appellant's defensive actions to protect herself from sexual assault as abuse, totally ignoring the context in which she took them. The law absolutely recognizes that actions which would be entirely inappropriate in some contexts are acceptable in others (self-defense, repossession of property, trespass for public/private necessity, etc.). Appellees write that they are not "beholden" to the state's conclusion in dropping the investigation of the Appellant, maintaining that they are right to hold that the Appellant was abusive. It is unclear, however, why a jury would not be entitled to reach a contrary

conclusion and instead agree with the Office of Health Facility Licensure and Certification and the Appellant in concluding that the defensive action by the Appellant was reasonable resistance to sexual assault. No rationale was offered by the District Court or the Appellees as to why exculpatory evidence indicating the Appellant's action as appropriate resistance must be disregarded.

In their brief, Appellees refer to the Appellant's actions in smacking the patients hands away from the act of groping her body as a "disciplinary action," citing that such actions by the Appellant broke their policy. However a jury could reasonably conclude that Appellant physically removing the patient's hands and keeping them away from her body without injuring the patient was not a disciplinary action, but, rather, an action she reasonably took to prevent herself from being sexually groped. The Appellant testified that she had already told the patient to stop groping her to no avail, and that only physically smacking his hands away from her body worked. JA 124-126.

As Appellant noted in her initial brief this appeal does not present a close call: the undisputed context of the conduct for which the Appellant was terminated was her resistance to sexual assault:

Q: All right.· So my question was:· At what point did you smack his hands?

A: When he was touching my breasts and my vagina area. Because I kept telling him: You don't do that, it's not nice.

Deposition of Dorothy Bills pgs. 57-59, JA122-124.

Resisting sexual assault is protected activity. *Kalany v. Campbell*, 220 W. Va. 50, 52, 640 S.E.2d 113, 115 (2006). If the patient had stolen some money out of the Appellant's purse and she responded by whacking him, that would be a disciplinary action. But when the Appellant is in a situation where she is being groped and sexually assaulted, preventing that assault from continuing is not a disciplinary action. Appellant's actions could reasonably be found to constitute protected activity, and, under such circumstances the matter is inappropriate for resolution upon summary judgment. In upholding Appellant's termination, the District Court did exactly what the West Virginia Supreme Court prohibited in *Hanlon v. Chambers*, 195 W. Va. 99, 103, 464 S.E.2d 741, 745 (1995): it "appl[ied] the Human Rights Act in such a way as to make the victim the responsible party." Such a result cannot be upheld consistent with the plain language of the WVHRA and cases decided thereunder.

**C. The Appellant did properly report the incident.**

Appellees' brief suggests that the Appellant did not properly report the incident where she smacked the patient's hands away from groping her. Appellant testified that she reported the incident to the nurse relieving her at the end of her shift, and then reported it to her supervisor. It is unclear how the Appellant could possibly have reported the incident any sooner or more properly than to immediately

do it at the end of her shift and follow the chain of command before writing an undisputed account of the incident. To report the incident any sooner would have required the Appellant to leave her shift, potentially leaving patients unattended.

**IV. Conclusion**

Appellant clearly engaged in protected activity by smacking a patient's hand away during his groping attack on her. Appellant continually rendered the necessary care to the patient while attempting to verbally dissuade him from groping her. When her verbal remonstrations failed, she physically removed the patient's hand from her private areas. This was protected activity, and the state of West Virginia concluded there was no patient abuse. Appellees state that they terminated her for this action. Accordingly, the District Court erred in finding that Appellant was not terminated for engaging in protected activity.

Appellant asks this Court to reverse the District Court's grant of Appellee's Motion for Summary Judgment and remand the matter for further proceedings consistent with that ruling.

Respectfully submitted,

DOROTHY BILLS,
Appellant by Counsel

/s/ Walt Auvil
WALT AUVIL (WVSB #190)
KIRK AUVIL (WVSB #12953)

ANTHONY BRUNICARDI
(WVSB #13593)

The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101
(304) 485-3058
(304) 485-6344 (fax)

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**No.** 22-2274 **Caption:** Dorothy Bills v. WVNH EMP, 22-2274 LLC, Lanette Kuh

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

☑ this brief or other document contains 1,337 [*state number of*] words

☐ this brief uses monospaced type and contains ____________ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

☑ this brief or other document has been prepared in a proportionally spaced typeface using Microsoft Word [*identify word processing program*] in 14 pt. Times New Roman [*identify font size and type style*]; **or**

☐ this brief or other document has been prepared in a monospaced typeface using ____________ [*identify word processing program*] in ____________ [*identify font size and type style*].

(s) Walt Auvil

Party Name Dorothy Bills, Appellant

Dated: 4/13/2023